IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDGAR FRANCIS BRADLEY, | CASE NOS. 1:02-cv-0009; 1:02-cv-318 |
| | CRIM. NO. 1:98-cr-00046(1) |
| Petitioner, | |
| v. | |
| | JUDGE GRAHAM |
| UNITED STATES OF AMERICA, | MAGISTRATE JUDGE ABEL |
| Respondent; | |
| | |
| EDGAR FRANCIS BRADLEY II, | CASE NOS.  1:02-cv-008; 1:02-cv-228; |
| | 1:02-cv-290; 1:02-cv-299; 1:02-cv-318 |
| Petitioner, | CRIM. NO. 98-cr-00046(2) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent; | |
| | |
| ROY CLAUDIUS BRADLEY, | CASE NOS. 1:02-cv-010; 1:02-cv-318 |
| | CRIM. NO. 1:98-cr-00046(3) |
| Petitioner, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## Opinion an Order

Petitioners, who were federal prisoners at the time they filed these lawsuits, bring the instant motions to vacate, set aside, or correct their  sentences pursuant to 28 U.S.C. §2255.  This

matter is before the Court on the instant motions, respondent's return of writ, and the exhibits of the parties. Petitioners' motion to expedite proceedings (*See Bradley v. United States*, 1:02-cv-318, Doc. #8), is **DENIED**, as moot. For the reasons that follow, this action is **DISMISSED.**

## I. FACTS AND PROCEDURAL HISTORY

On April 15, 1998, petitioners were indicted by the grand jury for the Southern District of Ohio on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. §371 and three counts of willful failure to file income tax returns, in violation of and 26 U.S.C. §7203; Roy Claudius Bradley was charged with only one count of willful failure to file income tax returns. Doc. #1. On February 3, 1999, after a jury trial, petitioners were found guilty as charged. Doc. #235. On June 1, 1999, Edgar Francis Bradley was sentenced to sixty months incarceration plus three years supervised release. Doc. #303. Edgar Francis Bradley II was sentenced to 57 months incarceration plus three years supervised release. Roy Claudius Bradley was sentenced to 46 months incarceration plus three years supervised release. Petitioner's filed a timely appeal of their convictions and sentences to the United States Court of Appeals for the Sixth Circuit. They asserted as the following claims

> On appeal, the Bradleys raise only frivolous tax-protestor arguments or patently meritless contentions. For example, Edgar I argues that: (1) neither he, nor most Americans, has any taxable income; (2) the prosecutor committed a fraud upon the court because the income tax is voluntary, therefore, no crime exists in this case; and (3) the grand jury indictment was not presented in open court and is therefore defective, and the district court had no jurisdiction. Edgar I also plays the "name game," contending that "Edgar Francis; Bradley" is a natural born man of the State of Ohio, while "Edgar F. Bradley" is merely a corporate fiction. Edgar II essentially reasserts the arguments of Edgar I, while adding, without supporting argument, that the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), somehow compels a reversal of the

> Bradleys' convictions. Edgar II also adds a contention that *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), demonstrates that Congress lacks the power to tax income. Finally, Roy Claudius plays the name game using variations involving capital letters, he repeats the arguments of his codefendants, and he argues that there is no "meeting of the minds" among the statutes and regulations that authorize the income tax.

*United States v. Bradley,* 26 Fed.Appx. 392, unpublished, 2001 WL 1299248 (6th Cir. August 9, 2001). On August 9, 2001, the Sixth Circuit affirmed petitioners' convictions and sentences. *See id.*

Petitioners have filed numerous motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. §2255. These actions are consolidated for consideration here. Further, all petitioners' motions to vacate, set aside, or correct their sentences, that were filed before final judgment on the first such actions, are properly construed as amendments to the initial motions. *See Thai v. United States*, 391 F.3d 491, 494 (2nd Cir. 2003).

On January 4, 2002, petitioners all raised the following claims, repeated here verbatim:[1]

> 1. United States Tax Court, Washington, D.C., letter dated 10/19/01, "A review of our records does not show any case brought in your name in this Court from which an appeal could be taken." Charles S. Casazza, Clerk of Court.
>
> Tax court did not have a tax lien, appendix (I), (P), and (K) attached 28 §2680(h) provided, that with regard to acts, omissions of investigative law enforcement officers of the United States government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, out of false imprisonment, false arrest, abuse of process, malicious prosecution [sic]. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is em-

---

[1] These actions were initially filed in the Southern District of Ohio, Western Division, in Cincinnati; however, on October 10, 2003, these actions were transferred to the Southern District of Ohio, Eastern Division. *See* Doc. #512.

3

powered by law to execute searches, to seize evidence, or to make arrests for violations of federal law.

2. 18 §3582 Imposition of a sentence of imprisonment. 18 §3582(a) Factors to be considered in imposing a term of imprisonment. 18 §3582(b) effect of finality of judgment.

18 §3582 notwithstanding the fact that a sentence to imprisonment can subsequently be a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes pursuant to 18 §3583(a) omitted. 18 §3583(a) general. The court, in imposing a sentence to a term of imprisonment for a felony, term is required by statute, required statute omitted. 18 §2680(e) [section 7 of this appendix] title 50 app §7(e) No person shall be held liable in any court for respect to anything done or omitted in pursuance of any order, rule.

On April 4, 2002, April 29, 2002, and April 30, 2002, Edgar Francis Bradley II filed three subsequent motions to vacate, set aside, or correct his sentence in which he asserts the following additional claims, repeated here verbatim:

3. Motion for a determination that the judgment was imposed in violation of the... laws of the United States pursuant to 28 U.S.C. §2255.

4. To correct presentence report setting aside judgment to warrant a downward departure under 28 U.S.C. §2255.

Presentence report is without conviction, must set forth finding in accordance with the F.R.Cr.P. Rule 32(b)(4) contents of the presentence report. The presentence report must contain – (D) verified information, containing an assessment, (D) its finding of facts, within the F.R.Cr.P. Rule 32(c) sentencing hearing for each matter controverted, the court must make either a determination that no finding is necessary because the controverted matter will not affect sentencing, and written record of these findings and determination must be appended to any copy of the presentence report made available to the Bureau of Prisons, F.R.Cr.P. Rule 32(b)(4)(D) verified information (E) in appropriate cases (F) in appropriate cases (G) any report (H) any other information.

5. F.R.Cr.P. Rule 11(d) Insuring that the plea is voluntary

byaddressing the defendant personally in open court.6.  28 §2680[2]

---

[2]  28 U.S.C. §2680 provides:

The provisions of this chapter and section 1346(b) of this title shall not apply to--

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

(b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if--

(1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;

(2) the interest of the claimant was not forfeited;

(3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.. [FN1]

(d) Any claim for which a remedy is provided by sections 741-752, 781-790 of Title 46, relating to claims or suits in admiralty against the United States.

(e) Any claim arising out of an act or omission of any employee of the Government in administering the provisions of sections 1-31 of Title 50,

and section 1346[3] of this title

---

Appendix.

(f) Any claim for damages caused by the imposition or establishment of a quarantine by the United States.

[(g) Repealed. Sept. 26, 1950, c. 1049, § 13(5), 64 Stat. 1043.]

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

(i) Any claim for damages caused by the fiscal operations of the Treasury or by the regulation of the monetary system.

(j) Any claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war.

(k) Any claim arising in a foreign country.

(l) Any claim arising from the activities of the Tennessee Valley Authority.

(m) Any claim arising from the activities of the Panama Canal Company.

(n) Any claim arising from the activities of a Federal land bank, a Federal intermediate credit bank, or a bank for cooperatives.

[3] 28 U.S.C. §1346 provides:

a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or

any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

(b)(1) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

(2) No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

(c) The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section.

(d) The district courts shall not have jurisdiction under this section of any civil action or claim for a pension.

> false imprisonment, false arrest, abuse of process and malicious prosecution.
>
> Government employee while acting within the scope of office violated constitutional rights, at the time of the pleading petitioner was called and held to witness against himself without proper investigation, without preliminary examination, and further held to answer to a joinder pleader, the Court was without authority and affidavits to support action, the Court enters a plea of not guilty to all counts not supported by the record, puts petitioner under arrest, the Court's negligence affected substantial rights of petitioner. Results in miscarriage of justice.

*See Edgar Francis Bradley II v. United States*, Case Nos. 1:02-cv-228; 1:02-cv-290; 1:02-cv-299.

On May 6, 2002, all petitioners again filed a motion to vacate, set aside or correct their sentence pursuant to 28 U.S.C. §2255, in which they assert as follows:

> 7. Petitioners' sentences violate the Ex Post Facto Clause.

*See Bradley v. United States*, Case No. 1:02-cv-318. On June 5, 2002, petitioners filed a motion to amend the petition, which motion is granted, to include the following additional claim:

> 8. Petitioners were sentenced in excess of that [which was] authorized by Congress under the statute.

---

> (e) The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226, 6228(a), 7426, or 7428 (in the case of the United States district court for the District of Columbia) or section 7429 of the Internal Revenue Code of 1986.
>
> (f) The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States.
>
> (g) Subject to the provisions of chapter 179, the district courts of the United States shall have exclusive jurisdiction over any civil action commenced under section 453(2) of title 3, by a covered employee under chapter 5 of such title.

*See id.*, Doc. #3.  Petitioners appear to additionally assert that

>   9. The Court was without jurisdiction.

*Id*.

In claims two, three and four, petitioners assert that the sentences imposed were constitutionally invalid.  In claims four and five, Edgar Francis Bradley II, appears to assert that his plea was involuntary.[4]  Additionally, he appears to make various allegations of prosecutorial misconduct.  In claim six, Edgar Francis Bradley II makes allegations of "false imprisonment," "false arrest," "abuse of process," and "malicious prosecution."  *See Petition*.  In claims seven and eight, petitioners assert that their sentences violate the Ex Post Facto Clause, and that they were sentenced beyond the permissible statutory maximum for the offenses.  All of these claims should have been raised on direct appeal, but were not.  Therefore, before such claims will be entertained on collateral review, petitioners must show cause for failing to raise the issue and "actual prejudice" resulting from the alleged errors.  *Napier v. United States*, 159 F.3d 956, 961 (6th Cir. 1998), citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982).  Petitioners have failed to establish cause or prejudice for the procedural default of claims two through eight.

In claim nine, petitioners assert that the Court was without jurisdiction.  This claim was raised on direct appeal, and has already been rejected by the United States Court of Appeals for the Sixth Circuit.  *See United States v. Bradley, supra*.  Such claim, therefore, will not again be considered here.  *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999), citing *Oliver v. United States,* 90 F.3d 177, 180 (6th Cir. 1996) and *Davis v. United States*, 417 U.S. 333, 345 (6th Cir. 1974).  Likewise, to the extent that Edgar Francis Bradley II raises the same challenge to his

---

[4] However, petitioners were convicted after a jury trial.

sentence as he previously raised on direct appeal, such claim will not be considered by this Court.    Finally, in claim one, petitioners refer to a letter from the United States Tax Court dated October 19, 2001, and assert that the tax court did not possess a lien against them. Petitioners fail to indicate in what manner such allegations constitute an error of constitutional magnitude, nor is any such error discernible upon review of the record in this case.

> To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Relief is warranted only where a petitioner has shown "a fundamental defect which inher-ently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

*Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).  Petitioners have failed to meet this standard here.

For all of the foregoing reasons, the motions to vacate sentence are **DISMISSED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** dismissing the motions to vacate sentence.

It is so ORDERED.

        s/James L. Graham
        JAMES L. GRAHAM
        United States District Judge

DATE:  March 30, 2005